## Bryan v. Department of Transportation

*Samuel J. Goldstein,* for plaintiff.
*Robert L. Simmons,* for defendant.

WETTICK, *J.,* September 22, 1980—This trespass action arises out of a September 14, 1977 accident in which plaintiffs allege that they sustained damages that were caused by the negligence of the Commonwealth of Pennsylvania. Plaintiffs' claims come within the exceptions to sovereign immunity enumerated in Act 152, Judicial Code, 42 Pa.C.S.A. §5110. The Commonwealth has filed a motion to transfer this action to the Commonwealth Court on the ground that a common pleas court is without jurisdiction to hear this claim. The issue presented by this motion is whether in light of Gibson v. Com., 490 Pa. 156, 415 A. 2d 80 (1980), the jurisdiction provisions of Act 152 govern causes of action arising prior to the enactment of Act 152.

Prior to the enactment of Act 152, the Commonwealth Court had exclusive jurisdiction over all actions and proceedings against the Commonwealth. This was provided for by section 401 of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. §211.401, which was superceded by section 761 of the Judicial Code, 42 Pa.C.S.A.

§761. Section 761 of the Judicial Code was amended effective September 28, 1978 by Act 152 which removed the Commonwealth Court's original jurisdiction to hear any claims in which sovereign immunity has been waived pursuant to section 5110 of Act 152. At the same time Act 152 amended section 931 of the Judicial Code, 42 Pa.C.S.A. §931 to give original jurisdiction over such actions to the common pleas courts.

On June 2, 1980, the Pennsylvania Supreme Court in Gibson v. Com., supra, held that the legislature could not constitutionally apply the sovereign immunity provisions of Act 152 to causes of actions which arose prior to the enactment of this legislation, that its decision in Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978), abrogating sovereign immunity should receive retroactive application, and that causes of action which arose prior to the enactment of Act 152 are therefore free from any judicial or statutory bar of sovereign immunity. As a result of the Gibson ruling, plaintiffs need not rely on section 5110 to maintain their action against the Commonwealth and because the legislature has granted jurisdiction to the common pleas court to leave only claims filed against the Commonwealth pursuant to section 5110, the Commonwealth argues this court has no jurisdiction to hear these actions. In support of this argument, the Commonwealth cites a memorandum and order entered by the Common Pleas Court of Clearfield County on August 22, 1980 in the case of Hockenberry v. New Enterprise Stone and Lime Co., Inc., No. 78-382-C.D., in which the court in a similar fact situation granted the Commonwealth's motion to transfer, stating:

"It appears to this Court that the intention of Act 152 was to place jurisdiction for trespass cases

against the Commonwealth brought pursuant to Pa.C.S. 5110 in the Courts of Common Pleas and all other trespass actions against the Commonwealth in the Commonwealth Court. In Gibson v. Commonwealth, 415 A. 2d 1980, the Supreme Court of Pennsylvania held that Act 152 could not govern an action that arose before its date of enactment."

We reject the Commonwealth's position that this court is without jurisdiction to hear plaintiff's claim. The only issue before the court in Gibson was whether the sovereign immunity provisions of Act 152 may apply to causes of actions which accrued prior to the enactment of this legislation. The statements of the court that Act 152 cannot be constitutionally applied to actions which accrued prior to the passage of the act were made only in the context of this particular issue.

The Commonwealth makes no claim that the Constitution bars the legislature from enacting legislation which confers on the common pleas courts jurisdiction over actions that accrued prior to the enactment of such legislation. Thus the only issue is whether the legislature through Act 152 intended for the common pleas courts to hear actions which accrued prior to the enactment of Act 152 in light of the Gibson v. Com. decision that Act 152's sovereign immunity provisions cannot be applied retroactively. And the legislative intention is perfectly clear. Through Act 152, the legislature adopted two separate policies: first, that Act 152's sovereign immunity provisions shall apply to causes of action accruing prior to the enactment of Act 152; second, that Act 152's exemptions to sovereign immunity shall extend to causes of action accruing prior to the enactment of Act 152 and that such actions shall be heard in the common pleas courts. These two policies are in no way de-

pendent on each other so the judicial nullification of the first policy should not also serve as the basis for nullifying the second legislative policy. It makes no difference that as a result of the Gibson v. Com. decision plaintiffs need not rely on section 5110's enumerated exceptions to maintain their actions. Whenever a claim comes within these exceptions, the legislature intended to ease the burdens of the claimant by permitting the action to be brought in the local common pleas court and also to relieve the Commonwealth Court of the time-consuming task of trying the substantially increased number of these actions against the Commonwealth that will arise as a result of the Mayle decision. These intentions are in no way dependent upon the sovereign immunity provisions of Act 152 receiving retroactive application so the Gibson v. Com. decision should have no effect on the jurisdiction provisions of Act 152.*

For these reasons, we reject the Commonwealth's contention that this court is without jurisdiction to hear plaintiffs' claim and deny the Commonwealth's motion to transfer this action to the Commonwealth Court.

## ORDER

On this September 22, 1980, it is hereby ordered that defendant's motion to transfer this action to the Commonwealth Court is denied.

---

*This case does not involve an action which accrued prior to the passage of Act 152 that would be barred by its sovereign immunity provisions. Because Act 152 does not specifically provide for such actions to be heard by the common pleas court, it is possible that jurisdiction over these actions lies in the Commonwealth Court. Also this case does not raise the issue of whether a claimant may challenge on constitutional grounds the provisions of Act 152 removing the original jurisdiction of the Commonwealth Court to hear actions which accrued prior to the passage of Act 152.